IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARY BAIN DUCKWORTH AND WILLIAM DAVID DUCKWORTH, *Plaintiffs*, v. UTICA NATIONAL INSURANCE COMPANY OF TEXAS, *Defendant*. | CIVIL ACTION NO. 5:25-CV-00191-TES |

ORDER REMANDING CASE

This action arises from a motor-vehicle accident that occurred in Macon-Bibb County, Georgia, on April 6, 2023. [Doc. 4-1, ¶¶ 16, 18]. Plaintiffs, Mary Bain Duckworth and William David Duckworth allege that an employee of PIC Disposal, LLC—which is insured by Defendant Utica National Insurance Company of Texas—attempted to make an improper lane change and ultimately crashed into Plaintiffs' vehicle. [*Id.* at ¶¶ 20–25]. Plaintiffs originally filed this action in the Superior Court of Bibb County, Georgia, purportedly under Georgia's direct-action statutes. [*Id.* at ¶ 14]. Defendant then removed the action to this Court on May 8, 2025. [Doc. 4].

After reviewing the pleadings, the Court was not satisfied that the complete-diversity requirement was met, so it directed the parties to show cause "why this case should not be remanded to the Superior Court of Bibb County, Georgia, for lack of subject-matter jurisdiction." [Doc. 10, p. 3]; *see Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th

Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte . . . .").

## DISCUSSION

In this case, it is undisputed that the amount in controversy exceeds $75,000.00 and that Plaintiffs are citizens of the State of Georgia. *See* [Doc. 4, ¶¶ 7, 13]. The issue lies with Defendant's citizenship.

In its Notice of Removal, Defendant alleges that it is a citizen of New York for diversity-jurisdiction purposes. [*Id.* at ¶ 8]. That may be true in a run-of-the-mill lawsuit, but "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . (A) every State and foreign state of which the insured is a citizen[.]" 28 U.S.C. § 1332(c)(1)(A) (emphasis added). Further, "[t]he legislative history of § 1332(c) . . . demonstrates that, for purpose of demonstrating diversity, a direct action is one in which an injured third-party claimant sues an insurance company for payment of a claim without first joining or obtaining judgment against the company's insured." *Kong v. Allied Pro. Ins. Co.*, 750 F.3d 1295, 1300 (11th Cir. 2014).

First, Plaintiffs' claims fall within this definition of a "direct action" because they are suing Defendant for payment of damages without first joining or obtaining

judgment against the insured.[1] [Doc. 4-1]. Second, Plaintiffs' Complaint alleges that Defendant's insured, PIC Disposal, is a Georgia LLC.[2] [*Id.* at ¶ 6]. Therefore, Defendant is a citizen of Georgia under Section 1332(c)(1)(A), destroying complete diversity. Additionally, Defendant consents to this remand. [Doc. 14].

## CONCLUSION

Accordingly, the Court **REMANDS** this case the Superior Court of Bibb County, Georgia, for a lack of subject-matter jurisdiction. Because the Court lacks subject-matter jurisdiction, it lacks any authority to rule upon Defendant's Motion to Dismiss. Accordingly, the Court **TERMINATES** that motion so that Defendant can refile it in the Superior Court of Bibb County. [Doc. 2]

**SO ORDERED**, this 11th day of June, 2025.

_____
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT

---

[1] There is a pending action in the Superior Court of Bibb County against PIC Disposal, LLC—the insured. [Doc. 4-1 ¶ 15].

[2] The Georgia Secretary of State's business records also show that PIC Disposal's registered agent (and only publicly listed member) is a citizen of Georgia. *See* Georgia Secretary of State Business Search, https://ecorp.sos.ga.gov/businesssearch/BusinessInformation?businessId=2310478&fromSearch=True, last visited May 30, 2025.